# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: September 10, 2025

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |
| | \* | |
| DEIDRE HENKEL *and* ALEX HENKEL, | \* | No. 15-1048V |
| *parents of* V.H*., a minor* | \* | |
| | \* | |
| Petitioners, | \* | Special Master Young |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |

*Edward Kraus*, Kraus Law Group, LLC, Chicago, IL, for Petitioners;
*Ryan Daniel Pyles*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 21, 2015, Deidre and Alex Henkel, parents of V.H., a minor, ("Petitioners") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. § 300aa-10 to -34 (2018)[2] (the "Vaccine Act" or "Program"). Petitioners alleged that the intranasal seasonal influenza ("flu") vaccine ("FluMist") V.H. received on September 24, 2012, caused him to suffer from narcolepsy with cataplexy.  Pet. at 1, ECF No. 1.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

## I.        Procedural History

On April 23, 2021, Petitioner filed a motion for interim attorneys' fees and costs, requesting $212,648.14 in interim fees and costs. ECF No. 100. On January 19, 2022, Petitioners' motion for interim fees was granted in part, awarding $211,748.14. ECF No. 102.

On August 31, 2022, I issued my decision denying entitlement and dismissing the petition, finding Petitioners had not provided preponderant evidence of a proximate temporal relationship between V.H.'s vaccination and narcolepsy onset, and thus failed to prove by preponderant evidence that V.H.'s narcolepsy was caused-in-fact by his September 24, 2012 flu vaccination. *Henkel, et al. v. Sec'y of Health & Human Servs.*, No. 15-1048V, 2022 WL 16557979, at *46-47 (Fed. Cl. Spec. Mstr. Aug. 31, 2022), *mot. for rev. denied*, 165 Fed. Cl. 153 (2023). Thereafter, Petitioner filed a Motion for Review of my decision to the United States Court of Federal Claims, which was assigned to Senior Judge Loren A. Smith. ECF No. 108; ECF No. 110. Following a telephonic oral argument, on March 20, 2023, Senior Judge Smith denied Petitioner's Motion for Review, upholding the entitlement decision. *Henkel, et al. v. Sec'y of Health & Human Servs.*, 165 Fed. Cl. 153 (2023), *aff'd*, No. 2023-1894, 2024 WL 3873569 (Fed. Cir. Aug. 20, 2024). Specifically, Senior Judge Smith found that "the Special Master did not act arbitrarily, capriciously, contrary to law, or abuse her discretion." *Id*. at 161.

Petitioners then appealed the denial of compensation to the Federal Circuit. Following an in-person oral argument in Washington, D.C., on August 20, 2024, the United States Court of Appeals for the Federal Circuit affirmed the entitlement decision and Senior Judge Smith's denial of Petitioners' Motion for Review. *Henkel, et al. v. Sec'y of Health & Human Servs.*, No. 2023-1894, 2024 WL 3873569 (Fed. Cir. Aug. 20, 2024). The Federal Circuit found that "Appellants' standard-of-proof challenge simply reflects their disagreement with how the special master weighed their evidence. As discussed above, however, we do not deem the special master's assessment of the evidence to be arbitrary or capricious . . . . And we otherwise see no abuse of discretion or legal error in the special master's ultimate determination regarding *Althen* prong three." *Id*. at *3.

On October 17, 2024, Petitioners filed a final motion for attorneys' fees and costs. ("Pet'rs' Mot. for AFC") (ECF No. 122). Petitioners request total attorneys' fees and costs in the amount of $103,354.77, representing $96,086.85 in attorneys' fees, and $7,267.92 in attorneys' costs. *Id*. at 1. Petitioners indicate that they did not personally incur any costs in pursuit of their petition. *Id*. at 2. Respondent responded to the motion on October 17, 2024, asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 4 (ECF No. 123). Petitioner did not file a reply.

This matter is now ripe for consideration.

## II.       Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not

prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, although the petition was eventually dismissed, I am satisfied that good faith and reasonable basis have been met in the instant case. Respondent offered no opinion on whether the statutory requirements for an award of attorneys' fees and costs have been met in this case. Accordingly, Petitioners are entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A.    Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

Petitioners request the following hourly rates for the work of their counsel: for Mr. Edward Kraus, $458.00 per hour for work performed in 2021, $472.00 per hour for work performed in

---

[3] The OSM Fee Schedules are available at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

2022, $497.00 per hour for work performed in 2023, and $525.00 per hour for work performed in 2024; for Ms. Brynna Gang, $325.00 per hour for work performed in 2021, $350.00 per hour for work performed in 2022, $390.00 per hour for work performed in 2023, and $412.00 per hour for work performed in 2024; and for Ms. Amy Kraus, $414.00 per hour for work performed in 2022, $436.00 per hour for work performed in 2023, and $460.00 per hour for work performed in 2024. Additionally, Petitioner requests rates between $170.00 to $186.00 per hour for paralegal work performed from 2022-2024. *Id*. These rates are consistent with what counsel has previously been awarded in the Vaccine Program and I find them to be reasonable herein.

### B.    Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, I find the overall hours spent on this matter require reduction. I acknowledge that two additional appeals were filed following the interim fees decision, both of which involved briefing and an oral argument. However, as discussed in more detail below, the number of hours spent on certain aspects of this case were excessive.

In the Motion for Review phase of this case, Petitioners' counsel billed the following: approximately 10.9 hours, totaling $4,315.20, reviewing the entitlement decision and researching case law; approximately 50.8 hours, totaling $20,542.00, drafting and editing the motion for review; and, approximately 15.9 hours, totaling $7,889.80, on oral argument preparation. Pet'rs' Mot. for AFC, Tab A at 1-4. Petitioners' Motion for Review was a total of 25 pages, and of those 25 pages, Petitioners' Argument was 12 pages, less than half of the total Motion. ("Pet'rs' Mot. for Rev.") (ECF No. 108). Additionally, a comparison of the "Factual Background" in the Motion for Review, and the "Factual Summary" of Petitioners' Prehearing Memorandum demonstrates that there were minimal changes to that section in the Motion for Review. *Compare* ECF No. 78 at 1-11 *with* Pet'rs' Mot. for Rev. at 2-6.

For their appeal to the Federal Circuit, Petitioners' counsel billed the following: approximately 9.7 hours, totaling $4,532.20, reviewing the Senior Judge Smith's decision and oral argument transcript, following up with Petitioners' regarding the appeal, researching notice of appeal requirements and filing requirements and rules related to filing a Federal Circuit appeal, and preparing the application for bar admission for the Federal Circuit; approximately 53.4 hours, totaling $24,187.40, drafting and editing the Appellant Brief and Joint Appendix; approximately 17.7 hours, totaling $7,833.40, drafting the Reply Brief, and editing and filing the Joint Appendix; and, approximately 40.2 hours, totaling $18,179.25 on oral argument preparation, including moot court, roundtrip travel from Chicago, Illinois to Washington, D.C., and attending the oral argument. Pet'rs' Mot. for AFC., Tab A at 4-9.

Regarding this appeal, of note, there was significant overlap between the "V.H. Medical History," "Expert Opinions and Testimony," "The Special Master's Decision," and some parts of the "Summary of Argument" sections of Petitioners' Appellant Brief ("Pet'rs' App. Br.") and the

Motion for Review. *Compare* Pet'rs' Mot. for Rev. at 2-12 *with* Pet'rs' App. Br. at 3-7, 9-18. , 25-27, 38-46, 48-49. Additionally, Petitioners' Appellate Brief contained duplicative discussions of Petitioner's arguments that "The Special Master improperly elevated the burden of proof under *Althen* Prong two by ignoring the weight of petitioners' evidence that was deemed sufficient to meet Prong one's burden and requiring direct unattainable proof that an autoimmune process occurred in V.H.," and that "The Special Master elevated the burden of proof and found against the weight of the evidence that petitioners did not demonstrate a "proximate temporal relationship" between the FluMist vaccine and V.H.'s subsequent development of narcolepsy under *Althen* Prong three." *Compare* Pet'rs' Mot. for Rev. at 14, 16-25 *with* Pet'rs' App. Br. at 25-27, 38-46, 48-49. In fact, of the 30 pages of Petitioners' "Argument" section, approximately 12 pages are nearly identical to Petitioners' Motion for Review. *See* Pet'rs' App. Br. at 19-49.

In assessing the reasonableness of the amount of time the attorneys in this case spent drafting briefs and preparing, I consider the experience of the attorneys' performing the tasks and the work that was ultimately produced. *See Barclay v. Sec'y of Health & Human Servs.*, No. 07-605V, 2014 WL 2925245, at *6 (Fed. Cl. Spec. Mstr. Feb. 7, 2014) ("A relatively high hourly rate is warranted when an attorney processes knowledge and experience to work relatively quickly."); *Broekelschen v. Sec'y of Health & Human Servs.*, No. 07-137V, 2011 WL 2531199, at *4 (Fed. Cl. Spec. Mstr. June 3, 2011) (stating that an experienced attorney's high hourly rate indicates that the time she "spends on certain tasks will be less than the amount of time a less experienced attorney would spend"), *mot. for rev. denied*, 102 Fed. Cl. 719 (2011). In my experience, given the fact that there were, in part, substantial similarities between the Prehearing Memorandum and the Motion for Review, and the Motion for Review and Petitioners' Appellate Brief, the total amount of hours billed for the two appeals in this case appears to be excessive.

I must also mention that Petitioners retained the services of Counsel Press Inc. to assist with their appeal to the Federal Circuit, including the Appellant Brief, the Joint Appendix, and the Reply Brief. *See* Pet'rs' Mot. for AFC, Tab B at 3, 6, 7. Counsel Press Inc. billed for tasks such as "Preparation of Brief," "Table of Contents/Citations," "Docket Tracking," "Electronic File Production and Review," "Electronic Filing – brief & other docs.," "Filing of Documents," and "Shipping & Handling." *See id*. It thus bears questioning why it took Petitioners' counsel more than 50 hours to prepare a brief that had only 18 pages of new analysis, especially with the assistance of an appellate service provider like Counsel Press Inc.

Additionally, I find that the time spent by Petitioners' counsel preparing for their oral argument at the Federal Circuit was excessive. There is no question that before appearing at a Circuit Court of Appeals, an attorney should review the written briefs, plan and practice an oral statement, and anticipate questions from the bench. While such preparation may be necessary, counsel should employ their time efficiently and be careful not devote more time than is reasonably required to such preparation. In this case, Petitioners' counsel spent approximately 40 hours in preparing for the Federal Circuit oral argument and attending the oral argument. *See* Pet'rs' Mot. for AFC at 9 (entries starting June 28, 2024). While some amount of this time is reasonable, this is more than a full 40-hour work week devoted to an argument scheduled to last 30 minutes. Thus, it seems that some amount of time is redundant and, therefore, excessive.

Finally, I note that some of the entries billed by Petitioners' counsel involved research of the appellate process as well as obtaining bar admissions to the Federal Circuit. *See* Pet'rs' Mot. for AFC at 4-5. While counsel may be awarded fees and costs associated with preparing an appeal, "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program," including conducting research on the appellate process for vaccine claims. *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016*); Davis v. Sec'y of Health & Human Servs.*, No. 07–451V, 105 Fed. Cl. 627 (2012); *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 293 (2014). Further, fees and costs related to counsel's bar admission are not compensable. *See, e.g.*, *Raymo v. Sec'y of Health & Human Servs.*, No. 11–654V, 2016 WL 7212323, at *12-*13 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (denying such fees); *Oswalt v. Sec'y of Health & Human Servs.*, No. 03-2153V, 2011 WL 2149932, at *13 (Fed. Cl. Spec. Mstr. May 2, 2011) (characterizing admission to practice before this new jurisdiction as a "professional enhancement"); *Velting v. Sec'y of Health & Human Servs.*, No. 90-1432V, 1996 WL 937626, *1-2 (Fed. Cl. Spec. Mstr. Sept. 24, 1996) (following past cases where special masters reasoned that the bar admission "conferred an ongoing benefit upon counsel").

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. *Broekelschen*, 102 Fed. Cl. at 729. It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged so long as a "concise but clear" justification for the reduction is provided. *Abbott v. Sec'y of Health & Human Servs.*, 135 Fed. Cl. 107,111 (2017). Special masters need not explain how many hours are appropriate. *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 702 (2016). "It would be unreasonable, however, to expect the Special Master to explain how each individual entry affected [her] final calculation, as in conducting fee determinations tribunals 'need not, and indeed should not, become green-eyeshade accountants.'" *Abbott*, 135 Fed. Cl. at 112 (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). Accordingly, I find a reduction of ten percent in attorneys' fees is warranted in this case. This results in a reduction of **$9,608.69**.

Petitioner is therefore awarded final attorneys' fees of $86,478.16.

## C.    Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request a total of $7,267.92 in attorneys' costs. This amount is comprised of the Federal Circuit filing fee, appellate brief services provided by Counsel Press Inc., and expenses related to travel to the Federal Circuit oral argument, including hotel and airfare. *See* Pet'rs' Mot. for AFC, Tab B. These costs have been supported with the necessary documentation and are reasonable. Petitioners are therefore awarded the full amount of costs sought.

6

**III.    Conclusion**

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioners' request for fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioners and their counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $96,086.85 |
| (Reduction to Fees) | ($9,608.69) |
| **Total Attorneys' Fees Awarded** | **$86,478.16** |
| | |
| Attorneys' Costs Requested | $7,267.92 |
| (Reduction to Costs) | **-** |
| **Total Attorneys' Costs Awarded** | **$7,267.92** |
| | |
| **Total Attorneys' Fees and Costs** | **$93,746.08** |

**Accordingly, I award a lump sum in the amount of $93,746.08, representing reimbursement for Petitioners' attorneys' fees and costs, to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Herbrina Sanders Young
Herbrina Sanders Young
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.